# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2020

Lyle W. Cayce
Clerk

No. 20-30270
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

NATALIE BARTON,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:19-CR-161-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Natalie Barton appeals an order of detention pending trial.  Barton is

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30270

charged with one count of conspiring to distribute and possess with the intent to distribute anabolic steroids, three counts of distributing anabolic steroids, one count of conspiring to misbrand drugs, and two counts of misbranding prescription drugs. If convicted, she faces up to ten years in prison on each of the counts involving the trafficking of anabolic steroids.

"Absent an error of law," we will uphold an order of pretrial detention "if it is supported by the proceedings below." That is a deferential standard of review that this court equates to abuse of discretion. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). Because the anabolic-steroid counts are proscribed by the Controlled Substances Act and carry a ten-year maximum, there is a rebuttable presumption that no condition or combination of conditions would reasonably assure Barton's appearance in court or the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

The record supports the findings that no conditions of release would reasonably assure Barton's presence in court or would reasonably assure the safety of the community if Barton were released. *See* § 3142; *Rueben*, 974 F.2d at 586; *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). The district court acknowledged that Barton's family had lived in the community for a long time. It determined, though, that Barton had an ability to obtain and use the smallest bits of discarded information to create fraudulent identifications and financial documents and had done so in an admitted attempt to go undetected by law enforcement officials. Having found that no condition or combination of conditions would reasonably assure Barton's appearance in court or the safety of the community, the district court was bound to order Barton detained pending trial. *See* § 3142(e)(1).

Barton contends that, in light of her cancer diagnosis and the COVID-19

No. 20-30270

pandemic, the least restrictive condition of release would be home confinement with monitoring by ankle bracelet. Those theories are conclusional and fail to address the district court's reasons for rejecting that assertion. In any event, in light of the finding that *no* conditions of release will suffice, we do not need to reach the issue of what conditions would be the least restrictive.

The order of pretrial detention is AFFIRMED. The mandate shall issue immediately.